IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                        Case No. 6:25-cr-60004

JORDAN HAMMOND                                                                               DEFENDANT

**O R D E R**

BEFORE the court is the Oral Motion for Release pending sentencing made by Defendant. ECF No. 37. The Government, while not joining the Motion, makes no objection to the requested release, subject to the conditions set out below.

On February 21, 2025, Defendant was granted pre-trial release subject to certain conditions. ECF No. 31. On March 4, 2025, a Petition was filed alleging Defendant had violated her conditions of release, namely by possessing methamphetamine. ECF No. 34. An arrest warrant was issued, and she was arrested on March 6, 2025. ECF No. 36. On April 4, 2025, Defendant appeared before Chief United States District Judge Susan O. Hickey and entered a plea of guilty to an Information (ECF No. 40) charging her with making a false statement to a federal law enforcement officer. ECF No. 42. At the change of plea hearing, Defendant requested release pending sentencing. Judge Hickey declined to release Defendant and instructed Counsel to direct this request for release to the undersigned. Counsel for Defendant and the Government contacted the undersigned and requested a hearing on the Oral Motion for Release.

At the hearing Defendant, through Counsel, moved again for Defendant's release. Counsel requested Defendant's release directly to a substance abuse rehabilitation facility. The Government did not object to this Motion. Both the Defendant and the Government stated to the Court that Defendant suffered from long term substance abuse, specifically methamphetamine

1

abuse. The United States Probation Office confirmed its belief the Defendant suffered from long term substance abuse and recommended Defendant be released directly to a substance abuse treatment facility.

The Court has considered the statements of counsel, the recommendation of the USPO, the previous Pretrial Services Report and finds Defendant clearly suffers from long term substance abuse. The Court also finds Defendant does not appear to be distributor of controlled substances to the extent she poses a danger to the community. Defendant is a long-time resident of the Western District of Arkansas and poses no risk of flight or non-appearance. There are conditions of release which will protect the public and assure Defendant's appearance in the future.

Accordingly, the Court **GRANTS** the oral Motion for Release (ECF No. 37) and **ORDERS** Defendant be released on the following conditions:

1. Defendant shall remain subject to all existing conditions of pretrial release set out in the Order of February 21, 2025. *See*, ECF No. 31.

2. **Upon a bed/space becoming available, the Defendant is Ordered released to The Harvest House, 906 Seahorn Street, Gurdon, Arkansas, a residential substance abuse treatment.** The Defendant will enroll in the treatment program there immediately upon her release from custody. The Harvest House shall provide transportation from Defendant's place of incarceration to The Harvest House facility.

3. Defendant shall comply with all the conditions of residents of The Harvest House. These conditions will be considered conditions of pre-trial release and violation of them may result in Defendants arrest.

4. Upon being dismissed from The Harvest House, for any reason, the Defendant shall immediately notify her supervising United States Probation Officer.

5. Should Defendant be dismissed from The Harvest House, for any reason, the Court will set a review hearing immediately to consider if any additional conditions of pre-hearing release or detention should be imposed pending a final resolution of this case.

6. Defendant shall execute a release of information to allow the United States Probation Office to access any and all records maintained at The Harvest House, regarding her residence, counseling or treatment.  Further, the Defendant shall specifically authorize employees of The Harvest House to communicate orally with the United States Probation Officer regarding her treatment and counseling at this facility.

7. Defendant is warned that any violation of the conditions above shall result in a warrant being issued for her arrest.  Defendant Hammond, in such an instance, would not be released again prior to her final sentencing.

**SIGNED** this **4th day of April 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE